In re **LIVING CENTERS OF AMERICA, INC., Living Centers of Texas, Inc., and the Village Healthcare Center, Relators.**

No. 99–0772.

Supreme Court of Texas.

April 13, 2000.

Rehearing Overruled Aug. 24, 2000.

Brett W. Schouest, Thomas D. Bracey, Keith E. Kaiser, San Antonio, for Petitioner.

Scott Edward Parker, Carrollton, Kathryn Ann Man Kollmeyer, Dallas, for Respondent.

PETITION FOR WRIT OF MANDAMUS DENIED.

Justice PRISCILLA R. OWEN, joined by Justice NATHAN L. HECHT, dissenting in part.

I respectfully dissent from the Court's order to the extent that it denies the petition for writ of mandamus of Living Centers of America, Inc.

Living Centers of America, Inc., Living Centers of Texas, Inc., and The Village Healthcare Center are defendants in the underlying personal injury suit that was filed in probate court. When a visiting judge was assigned to the case, the defendants moved to strike that judge relying on section 74.053(b) of the Government Code. The motion was denied, the defendants sought a writ of mandamus from the court of appeals, and their petition was denied. The defendants filed a petition for writ of mandamus in this Court on August 17, 1999. On January 18, 2000, Living Centers of America, Inc. filed for bankruptcy under Chapter 11 of the Bankruptcy Code.

Federal law imposes an automatic stay of judicial proceedings against a debtor upon filing of a Chapter 11 petition:

[A] petition filed under [Chapter 11] ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

11 U.S.C.A. § 362(a) (West 1993 & Supp. 2000).

Accordingly, the proceedings in the trial court as to Living Centers of America, Inc. have been stayed by federal law. That stay has not been lifted by the bankruptcy court. Although this Court characterizes a mandamus proceeding as an original proceeding, it seems an inescapable conclusion that under federal law, a mandamus proceeding in which a debtor is a defendant in the underlying litigation is a "continuation ... of a judicial ... or other action or proceeding against the debtor." This would seem to be so even when the debtor is the relator in the mandamus proceedings. We could not grant a mandamus requested by a debtor because the trial court is prohibited by federal law from taking any further action when an automatic stay is in effect. Nevertheless, the Court today resolves the merits of a debtor's petition, the stay notwithstanding.

It seems unlikely that when a stay is in effect, Congress intended for the determination of whether a state court has the authority to act on a petition for writ of mandamus to turn on whether the mandamus petition is meritorious. In a related vein, this Court has recognized that "[a] bankruptcy suspends the appeal and all periods in these rules from the date when the bankruptcy petition is filed," without regard to whether the debtor is the petitioner. TEX.R.APP. P. 8.2.

Under the procedure adopted today, the Court apparently intends to decide the merits of petitions for writ of mandamus even when the automatic stay provisions of the Bankruptcy Code are in place. If the Court concludes that the petition should be granted, the Court presumably will abate the matter until the stay is lifted or the case is otherwise resolved. But if the Court is of the view that the petition has no merit, the petition will be denied. I am concerned that in pursuing this latter course, the Court violates federal law.

Accordingly, I think it imprudent in light of federal law to deny the petition of

Living Center of America, Inc., and I therefore dissent.