

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2001

# Rhone-Poulenc, Inc. v. Internal Revenue Service

Precedential or Non-Precedential:

Docket 00-3636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Rhone-Poulenc, Inc. v. Internal Revenue Service" (2001). *2001 Decisions.* Paper 96.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/96

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 1, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3636

RHONE-POULENC SURFACTANTS AND
SPECIALTIES, L.P., GAF CHEMICALS
CORPORATION, A PARTNER OTHER
THAN THE TAX MATTERS PARTNER,

      Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

      Appellee

On Appeal From the United States Tax Court
(Tax Court Docket No. 2125-98)
(114 T.C. No. 34)

Argued January 19, 2001

Before: ROTH and BARRY, Cir cuit Judges
SHADUR,1 District Judge

(Opinion filed: May 1, 2001)

_____

1. Honorable Milton I. Shadur, United States District Court Judge for the
Northern District of Illinois, sitting by designation.

William F. Nelson, Esq. (argued)
Gerald A. Kafka, Esq.
J. Bradford Anwyll, Esq.
McKee Nelson Ernst & Young, LLP
1919 M Street, N.W., Suite 800
Washington, DC 20036

 Attorneys for Appellant

Charles F. Marshall, Esq. (argued)
Paula M. Junghans, Esq.
Richard Farber, Esq.
Tax Division
Department of Justice
P.O. Box 502
Washington, DC 20044

 Attorneys for Appellee

OPINION OF THE COURT

SHADUR, District Judge:

Taxpayer GAF Chemicals Corporation ("GAF "), a subsidiary of GAF Corporation and a purported partner in the putative partnership Rhone-Poulenc Surfactants and Specialties, L.P. ("Rhone-Poulenc"),filed a petition for readjustment of partnership items in the United States Tax Court under 26 U.S.C. S6226(b).2 GAF filed its petition in response to a notice of final partnership administrative adjustment ("FPAA") issued by the Commissioner of Internal Revenue ("Commissioner") to Rhone-Poulenc pursuant to Section 6223(a)--an FPAA that tr eated a transfer of assets from GAF to Rhone-Poulenc as a taxable sale rather than as a nontaxable contribution in exchange for an interest in the partnership.

This appeal stems from the Tax Court's denial of GAF 's motion for summary judgment on the ground that the

_____

2. All further citations to provisions of the Internal Revenue Code ("Code") will simply take the form "Section--," omitting the prefatory "26 U.S.C."

2

Commissioner's assessment is time-barred. Although that order was not final, the Tax Court certified it for interlocutory appeal under Section 7482(a)(2)(A), and this Court granted GAF 's petition for permission to appeal.

For the reasons stated in this opinion, wefind that GAF 's petition for permission to appeal was improvidently granted. Upon our further consideration of the issues presented for decision, we hold that Tax Court rulings on certain unresolved issues that Court has r eserved for the future constitute a precondition to the ripeness of the issues certified by that Court, so that we have essentially been presented with a request for an advisory opinion forbidden by Article III of the Constitution.

Background

In 1990 GAF and Alkaril Chemicals, Inc. ("Alkaril"), another subsidiary of GAF Corporation, transferr ed certain business assets to Rhone-Poulenc. About September 17, 1991 Rhone-Poulenc filed a federal partnership information return that characterized GAF 's transfer to it as a contribution of property to the partnership in exchange for an interest in the partnership. Almost simultaneously (the record-indicated date is September 16, 1991) GAF Corporation filed a consolidated corporate federal income tax return for itself and all of its affiliated subsidiary corporations (including GAF).

On September 12, 1997 the Commissioner issued Rhone-Poulenc an FPAA notice that treated the transfer as a taxable sale rather than as an exchange for a partnership interest entitled to non-recognition tr eatment under Section 721(a). It followed from the FPAA's tr eatment of the transfer as a taxable sale that GAF Corporation's consolidated return had understated its gross income by 25%. In response to the FPAA, GAF filed a petition in the Tax Court for a readjustment of partnership items.

GAF brought that petition pursuant to the unified partnership audit and litigation procedur es of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"). As Boyd v. Comm'r, 101 T.C. 365, 368-69 (1993) (internal citations and quotation marks omitted) explains:

3

The TEFRA partnership provisions were enacted in 1982 in response to the mushrooming administrative problems experienced by the Internal Revenue Service in auditing returns of partnerships, particularly tax shelter partnerships with numerous partners. Under these procedures, the tax treatment of partnership items is determined at the partnership level in a unified partnership proceeding rather than in separate proceedings for each partner. As we stated in an earlier case interpreting the TEFRA partnership pr ovisions:

By enacting the partnership audit and litigation procedures, Congress provided a method for uniformly adjusting items of partnership income, loss, deduction, or credit that affect each partner. Congress decided that no longer would a partner's tax liability be determined uniquely but the tax treatment of any partnership item would be determined at the partnership level.

Although it is the tax matters partner that most often files a petition for readjustment under TEFRA, if it does not do so within 90 days any notice partner may file a petition within 60 days thereafter (Section 6226(b)(1)).

Before the Tax Court the Commissioner ar gued on several alternative grounds that the transfer did not qualify for non-recognition treatment:

1. There was no partnership.

2. If instead there were a partnership, the transfer was not to it but to a related party.

3. If there were indeed a partnership and the transfer were in fact made to it, the transfer was not in exchange for an interest in the partnership but was rather a sale to the partnership.

In those terms GAF would have had to sur mount all three hurdles to prevail.

On September 9, 1998 GAF moved for summary judgment on the separate ground that the assessment is time-barred. Its motion asserted:

4

1. Section 6501(a)'s general limitations period is inapplicable to partnership items because Section 6629(a) sets forth a separate and exclusive thr ee-year statute of limitations on assessments attributable to partnership items. Because more than thr ee years had elapsed since GAF Corporation had filed its consolidated return, the assessment was untimely.

2. Even if Section 6501(a) were held to pr ovide the applicable limitations period, the issuance of the FPAA did not suspend the running of that period, and it too has expired. Again that would render the assessment untimely.

3. Section 6501(e), which provides a six-year statute of limitations where items in excess of 25% of a taxpayer's gross income are omitted fr om the face of a return, is inapplicable because the items at issue were disclosed on the consolidated return.

In response the Commissioner urged that the general limitation on assessments set out in Section 6501(a) governs all taxes assessed under the Code. As for Section 6229(a), the Commissioner contended that it does not provide a separate limitations period for partnership items but rather describes an "add on" period that in some circumstances extends the period prescribed by Section 6501. As the Commissioner would have it, the nor mal three-year period set forth in Section 6501(a) had been extended to six years under Section 6501(e) because, contrary to GAF 's assertion, the disputed income was not disclosed on the return. And the Commissioner further argued that under Section 6229(d) the issuance of the FPAA had suspended the limitations period pr escribed in Section 6501--in this case the six-year period in Section 6501(e) to which Section 6501(a) points.

In a sharply divided opinion, a majority of the judges on the Tax Court (sitting en banc) found the Commissioner's reading of the Code provisions mor e persuasive and denied GAF 's motion for summary judgment. In particular , the majority concluded that the limitations period set forth in Section 6501(a) applies to partnership items. As for the Section 6229(a) reference to a thr ee-year period, the Court

5

read that provision as setting a minimum limitations period that "may expire before or after the section 6501 maximum period."

Next the Tax Court addressed GAF 's ar gument that even if the six-year limitation specified in Section 6501(e) applied, that period had expired as well. In that respect GAF argued that by its terms Section 6229(d) suspends only the running of the three year period in Section 6229(a), not the limitations period contained in Section 6501(a). On that premise, even if the T ax Court were to find that Section 6501(a) dictated the application of the six-year limitations period in Section 6501(e), that six-year period had already expired about September 15, 1997 (six years after the date GAF Corporation had filed its r eturn).

Again agreeing with the Commissioner's dif ferent reading of the Code, the Tax Court determined that Section 6229(d) does suspend the running of the limitations period prescribed by Section 6501 once an FPAA is issued. If Section 6501(e) were applicable, then, that would render timely the Commissioner's issuance of the FP AA within six years of the date of the partnership retur n.

With the Tax Court having made those determinations, the only issue remaining for decision ther e was whether Section 6501(e) in fact applies to this case. In that regard the Tax Court found genuine issues of fact as to whether or not the return had adequately disclosed the existence of the omitted income, precluding summary judgment.

On September 20, 2000 the Tax Court granted GAF 's Motion for Certification of Question for Interlocutory Appeal pursuant to Section 7482(a). As stated earlier , a panel of this Court granted GAF 's petition for per mission to appeal on October 12.

Standing

Before we turn directly to the substantive discussion that controls the disposition of this appeal, we must travel a byway that might have diverted us from r eaching that substantive issue. That potential diversion stems fr om a post-appeal development that has raised a possible issue of standing on the part of the taxpayer.

By letter dated January 11, 2001 counsel for GAF
informed us that G-I Holdings, Inc., the successor to GAF
Corporation through internal merger , has filed a voluntary
petition in the Bankruptcy Court for the District of New
Jersey seeking relief under chapter 11 of the Bankruptcy
Code. That led to the filing of two motions befor e oral
argument.

First both sides asked that the case be taken of f of the
Court's calendar because under 11 U.S.C. S362
("Bankruptcy S362") G-I Holding's filing had assertedly
operated to stay this appeal. Then the parties thought
better of that somewhat Pavlovian (and entir ely erroneous)
notion: the Commissioner's later-filed Motion To Dismiss
GAF Chemicals Corp. as a Party and GAF 's Opposition to
that motion (as to which more below) reversed course on
that issue.

We determined before oral ar gument that Bankruptcy
S362 does not in fact stay the appeal, for that provision
stays only actions or proceedings "against the debtor"
(emphasis added). Here the proceeding before the Tax Court
was brought by the debtor (or, more accurately, by its
corporate predecessor). As is true of all other types of
litigation brought by debtors that are under the protection
of the bankruptcy courts (see most recently Aiello v.
Providan Fin. Corp., ___ F.3d ___, 2001 WL 101533, at *2
(7th Cir. Feb. 6), citing other cases, including our own
Maritime Elec. Co. v. United Jersey Bank, 959 F .2d 1194,
1204-05 (3d Cir. 1991), two of the thr ee cases that have
addressed the same question in the context of appeals by
a debtor from Tax Court proceedings initiated by that
debtor (Roberts v. Comm'r, 175 F.3d 889, 893-96 (11th Cir.
1999) and Freeman v. Comm'r, 799 F .2d 1091 (5th Cir.
1986)(per curiam)) have held that Bankruptcy S362 does
not stay such appeals; contra, Delpit v. Comm'r , 18 F.3d
768, 771-73 (9th Cir. 1994). We like the Eleventh Circuit
find the Ninth Circuit's position to be unpersuasive and out
of sync with this Circuit's general jurisprudence addressing
Bankruptcy S362, and we too adopt the no-stay view.

With that threshold issue out of the way, the
Commissioner then also moved to dismiss GAF as a party
to the proceedings and to dismiss the appeal unless

7

another party with standing to litigate the same issue were to intervene within a reasonable time. Under Section 6226(d)(1)(A) a partner is no longer treated as a party to a TEFRA proceeding when its partnership items ar e converted to non-partnership items by reason of certain events described in Section 6231 (see Section 6231(c)(2) and 6231(c)(1)(E)). On that score Treas. Reg. S301.6231(c)-7T (found in 26 C.F.R.) provides that the effective and efficient enforcement of the tax laws requir es that when a partner is named as a debtor in a bankruptcy proceeding, its partnership items must be treated as non-partnership items (see Computer Programs Lambda, Ltd. v. Comm'r, 89 T.C. 198, 203 (1987), upholding and applying that regulation).

Accordingly the Commissioner's motion ur ged that even if it were ultimately to be determined that the transfer of assets had been in exchange for a partnership inter est, GAF 's partnership items were converted to non-partnership items for tax purposes when G-I Holdings filed its bankruptcy petition. That being so, the Commissioner's position was that GAF no longer has an inter est in the outcome and can no longer be a party to the action under Section 6226(d)(1)(A).

But GAF has responded in part that in any event ACI, Inc. ("ACI," formerly known as Alkaril) should be viewed as a proper party to the case, so that it could take the place of GAF if the latter were knocked out of this appeal. It will be recalled that Alkaril, like GAF, had participated in the transaction challenged by the Commissioner's FP AA--the transfer of assets to Rhone-Poulenc, purportedly in exchange for an interest in the partnership. G-I Holdings' officer Peter Ganz has provided an affidavit stating that although ACI is a direct subsidiary of G-I Holdings, it did not petition for bankruptcy and is not a party to G-I Holdings' bankruptcy proceeding. So, GAF says, ACI has tax consequences flowing from the adjustments to partnership items contained in the FPAA and still has standing to litigate the case. After investigating the statements made in the Ganz affidavit, and afterfinding no information to contradict them or any other evidence calling into question ACI's status as a proper party to the case,

8

Commissioner has agreed that the appeal should go forward.

Apart from that, GAF also argues that it too remains a proper party because of the potential applicability of Section 6229(f)(1):

> If before the expiration of the period otherwise provided in this section for assessing any tax imposed by subtitle A with respect to the partnership items of a partner for the partnership taxable year, such items become nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, the period for assessing any tax imposed by subtitle A which is attributable to such items (or any item affected by such items) shall not expir e before the date which is 1 year after the date on which the items become nonpartnership items.

As GAF points out, that provision--extending the limitations period beyond the time when a partnership item becomes a nonpartnership item (as by a partner's bankruptcy filing)--kicks in only if the conversion takes place before the Section 6229 limitations clock runs out. That then poses the same limitations questions that we have been asked to resolve in this interlocutory appeal to begin with.

But as the next section of this opinion demonstrates, any current resolution of those questions would run afoul of the constitutional requirement of justiciability. Hence GAF 's continued presence or nonpresence in this litigation poses a problem of circularity: To answer that question, we would first have to decide a preliminary question that Article III forecloses from resolution at this time.

Fortunately there is no need to cut that Gor dian knot. Treating the parties' most recentfilings as a stipulation that ACI may be treated as a petitioner and appellant (substituting for GAF in those capacities if need be), we hold that ACI has standing to proceed with the appeal. And all of the events already described in the Background section also apply to ACI, obviating any need to r esolve the issue of GAF 's continued involvement. Nonetheless this opinion will continue to refer to the appellant as GAF

9

simply for ease of reference, because that was the nomenclature used in the Tax Court below and throughout the parties' briefs.

Jurisdiction Over This Appeal

We turn then to a look at the merits. Two issues have been posed to us on this interlocutory appeal:

>    1. whether the general limitations period set forth in Section 6501 applies, or whether instead Section 6229(a) specifies a separate and exclusive limitations period for assessments attributable to partnership items; and

>    2. whether Section 6229(d) suspended the running of the limitations period set out in Section 6501(a) when the Commissioner issued the FPAA to Rhone-Poulenc.

But it became apparent to us on reading the parties' briefs, and it has been reconfirmed on oral ar gument, that any current resolution of those issues would be premature-- indeed, neither question may ever have to be answer ed in this litigation. That renders those issues nonjusticiable at this time.

In that regard, such cases as T ravelers Ins. Co. v. Obusek, 72 F.3d 1148, 1153 (3d Cir . 1995), quoting Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 410 (3d Cir. 1992), set forth the well-settled principle:

>    Of course, Article III, Section II of the Constitution of the United States "limits federal jurisdiction to actual `cases' and `controversies.' " This constitutional provision "stands as a direct pr ohibition on the issuance of advisory opinions."

Travelers, id. at 1154 (again quoting Armstrong, 961 F.2d at 411) goes on to state the relevant test for determining whether an action satisfies Article III's case or controversy requirement in these terms:

We have previously noted that:

>    [t]o satisfy Article III's case or contr oversy requirement, an action must present (1) a legal contr oversy that is

10

real and not hypothetical, (2) a legal contr oversy that affects an individual in a concrete manner so as to provide the factual predicate for r easoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution.

That this case involves not a final decision but an interlocutory appeal does not itself pose a jurisdictional problem: There are sometimes issues whose resolution will materially advance the ultimate disposition of litigation and that, for appropriate jurisprudential r easons, need not await the entry of a final judgment (see, e.g., Abdullah v. American Airlines, Inc., 181 F.3d 363, 366 (3rd Cir. 1999)). But in this instance the issues presented on appeal are purely contingent: They will be reached only if the Tax Court finds (1) that GAF has an interest in the partnership and (2) that the return did not disclose the omitted income. Neither of those determinations has yet been made, as the Tax Court itself has explicitly acknowledged.

Because the necessity for any decision of the issues sought to be tendered to us rests on those yet unresolved contingencies, the issues posed fail to present a justiciable "case or controversy." More than a half century ago the Supreme Court reconfirmed that teaching in Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 461 (1945) (internal citations omitted):

> This Court is without power to give advisory opinions. It has long been its considered practice not to decide abstract, hypothetical or contingent questions.

And that already firmly established concept has not been eroded by time.

At this juncture the Tax Court has not chosen to decide whether the transaction at issue was one under which GAF acquired an interest in the putative partnership and thus whether the Code's partnership provisions even apply to GAF. Its opinion was forthright on that scor e, stating in its n.5:

> For convenience, we use the terms "partnership" and "partner" without deciding whether a partnership existed or petitioner was a partner in that partnership, conclusions that respondent disputes.

11

If the Tax Court were ultimately to hold that the transaction was indeed a sale as the Commissioner contends, GAF never became a partner--hence the assessment of tax on the proceeds of the sale would not be one related to a partnership item, rendering Section 6229 (and the Code's other partnership provisions) inapplicable. In that instance the knotty questions submitted to us on the current appeal would not have to be decided at all.

In response to our December 18, 2000 inquiry into the existence of jurisdiction over this interlocutory appeal, both parties suggest that because Rhone-Poulenc filed a partnership return for 1990, Section 6233(a) causes the unified partnership provisions of the Code to apply regardless of the Tax Court's ultimate ruling as to whether the transaction was indeed a sale or was a contribution in exchange for an interest in the partnership. Here is Section 6233(a):

> If a partnership return is filed by an entity for a taxable year but it is determined that the entity is not a partnership for such year, then, to the extent provided in regulations, the provisions of this subchapter are hereby extended in r espect of such year to such entity and its items and to persons holding an interest in such entity.

To be sure, with Rhone-Poulenc's havingfiled a partnership return for 1990, Section 6233(a) operates to render the Code's unified partnership pr ovisions applicable to it even if the partnership were to be determined a sham. But the appellant here is GAF (or now ACI), and the parties' contention glosses over (more accurately, ignor es entirely) the relevant fact that the partnership pr ovisions apply to the taxpayer appellant only if it is a "person[ ] holding an interest in such entity." If the transaction was a sale to Rhone-Poulenc--the highly disputed issue left open by the Tax Court--neither GAF nor ACI has an inter est in Rhone-Poulenc (whether or not it is truly a partnership), and the extension of the Code's partnership provisions provided for in Section 6233 simply does not reach the taxpayer.

There is another contingency that confir ms the prematurity of the present appeal: the absence of any Tax

Court determination as to whether the disputed items of income were adequately disclosed on the GAF Corporation's consolidated return. As the Tax Court found in denying GAF 's motion for summary judgment, there ar e genuine issues of fact not only as to whether the disputed income was adequately disclosed on the return but even as to what documents make up the return. If the disputed income was not in fact omitted, the six-year statute of limitations in Section 6501(e) cannot apply in any event. And if Section 6501(e) does not apply, the time for the Commissioner to make an assessment has run regardless of whose reading of Sections 6501(a) and 6229(a) may be correct. Again the resolution of that contested factual dispute may well obviate any need to reach the difficult statutory interpretation questions submitted to us. Unless and until the Tax Court finds that the income was impr operly omitted, there is no ripe "case or contr oversy" here.

Conclusion

In sum, we conclude that the questions presented are based on hypothetical scenarios calling for an advisory opinion at odds with Article III's case or contr oversy requirement. We therefor e DISMISS for lack of appellate jurisdiction the appeal of the Tax Court's or der denying GAF 's motion for summary judgment, and we REMAND the case for further proceedings on the merits.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit