### In re Gary Mack McDANIEL.

### No. 10–04–00166–CV.

Court of Appeals of Texas, Waco.

Nov. 10, 2004.

Bennett B. Aufill, Hillsboro, for appellant.

A. Lee Harris, Whitney, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### ABATEMENT ORDER

PER CURIAM.

Gary Mack McDaniel seeks a writ of mandamus from this Court directing the trial court to vacate an order granting Glynda S. Clark's motion to disqualify McDaniel's counsel Bennett Brantley Aufill, III in the underlying suit. McDaniel has since filed a bankruptcy petition. Because the underlying proceeding is stayed by the bankruptcy and because the Supreme Court has abated mandamus proceedings under similar circumstances, we will abate this proceeding, subject to reinstatement upon proper motion.

Clark filed a forcible entry and detainer suit against McDaniel in justice court. McDaniel responded by filing a declarato-

ry judgment action in district court seeking a determination of his rights to the property at issue. McDaniel also obtained a temporary injunction from the district court preventing Clark from evicting him during the pendency of his suit. The district court granted Clark's motion to disqualify McDaniel's counsel, and this mandamus proceeding ensued.

The question presented is whether the automatic stay imposed as a result of McDaniel's bankruptcy operates to stay this original proceeding which McDaniel instituted. The Supreme Court of Texas has confronted this issue several times recently and has taken different approaches. The Court has not directly addressed the proper procedure to follow in a published decision.

In *In re Living Centers Of America, Inc.*, the Court denied a mandamus petition despite the pendency of a relator's bankruptcy. 35 S.W.3d 596, 597 (Tex. 2000) (orig.proceeding) (Owen, J., dissenting). Justice Owen dissented, stating her opinion that the Court "could not grant a mandamus requested by a debtor because the trial court is prohibited by federal law from taking any further action when an automatic stay is in effect." *Id.* In Justice Owen's view, the mandamus proceeding should be abated regardless of whether the Court intends to grant or deny it on the merits. *Id.*

More recently, the Court has abated at least two mandamus proceedings in which the relators filed bankruptcy petitions. *In re Ross*, 47 Tex. Sup.Ct. J. 430 (Tex. Apr. 12, 2004); *In re Hoekstra*, 47 Tex. Sup.Ct. J. 276 (Tex. Feb. 13, 2004). According to the Supreme Court's website, the *Ross* mandamus remains abated. *See Ross*, http://www.supreme.courts.state.tx.us/opin-ions/Case.asp?FilingID=24850 (accessed Nov. 8, 2004) (case information page). The abatement order was lifted in *Hoekstra* on the motion of the real parties in interest. *See Hoekstra*, 47 Tex. Sup.Ct. J. 452 (Tex. Apr. 19, 2004).[1] The mandamus petition in *Hoekstra* was recently denied. 47 Tex. Sup.Ct. J. 1192 (Tex. Sept. 10, 2004).

■ Despite the different approaches reflected in these cases, it seems clear that, if the underlying proceeding is not stayed by the bankruptcy, then a mandamus proceeding relating to that underlying proceeding will not be stayed either. *Cf. Living Ctrs. of Am.*, 35 S.W.3d at 597 (Owen, J., dissenting). This Court has jurisdiction to determine whether a bankruptcy stay applies to a case before it. *Bamburg v. Townsend*, 35 S.W.3d 85, 88 (Tex.App.-Texarkana 2000, no pet.); *In re Weller*, 189 B.R. 467, 471 (Bankr.E.D.Wis. 1995); *see also Tex. Assn. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–446 (Tex.1993) (appellate court's subject matter jurisdiction may be raised by the court *sua sponte* ); *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex.App.-Waco 2002, no pet.) (same).

Title 11, section 362 of the Bankruptcy Code provides for an automatic stay of judicial proceedings "against the debtor." 11 U.S.C.A. § 362(a) (West 2004). The statute provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

---

1. The Supreme Court's website indicates that the motion to reinstate was filed by the real parties in interest. *See In re Hoekstra,* http://www.supreme.courts.state.tx.us/opin-ions/ Case.asp?FilingID=24390 (accessed Nov. 8, 2004) (case information sheet).

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> . . . .

*Id.* § 362(a)(1).

■ A judicial proceeding is considered to be "against the debtor" if it was initiated against the debtor. We look to the posture of the case at its inception to determine whether it was initiated against the debtor. *See Dyer v. Weedon,* 769 S.W.2d 711, 713 (Tex.App.-Waco 1989, no pet.); *In re White,* 186 B.R. 700, 705 (9th Cir. BAP 1995); *McMillan v. MBank Ft. Worth, N.A.,* 4 F.3d 362, 366 (5th Cir. 1993). "We 'examine the proceedings as a whole to determine whether they are, in fact, initiated "against the debtor." ' " *White,* 186 B.R. at 705 (quoting *Delpit v. Commr.,* 18 F.3d 768, 773 (9th Cir.1994)).

A split of authority exists among federal courts regarding the determination of whether a proceeding has been initiated by or against a debtor. In federal tax litigation, the Third, Fifth, and Eleventh Circuits take the view that, if a debtor files a proceeding in tax court, then the proceeding is one initiated by the debtor and the automatic stay of section 362 does not apply. *See Rhone–Poulenc Surfactants & Specialties, L.P. v. Commr.,* 249 F.3d 175, 180 (3d Cir.2001); *Roberts v. Commr.,* 175 F.3d 889, 893–95 (11th Cir.1999); *Freeman v. Commr.,* 799 F.2d 1091, 1092–93 (5th Cir.1986) (per curiam).

The Ninth Circuit takes the more expansive view that a tax court proceeding is a continuation of an administrative proceeding initiated against a taxpayer by the Internal Revenue Service. *Delpit,* 18 F.3d at 772–73. As that court explained:

> A taxpayer is barred from filing a petition in Tax Court unless the IRS has *already* instituted extensive administrative proceedings "against" him (*e.g.,* audit, meeting, 30–day letter, appeals board, 90–day Notice of Deficiency, etc.). Accordingly, an appeal from a Tax Court judgment is indeed a "continuation" of an action or proceeding "against the debtor" within the meaning of Section 362(a)(1). The mere fact that a debtor "initiates" an action in Tax Court is not dispositive; we must examine the proceedings as a whole to determine whether they are in fact initiated "against the debtor." Otherwise, declaratory judgments and state-court proceedings initiated by the debtor to resolve disputes over tax liability would never be subject to the automatic stay.

*Id.* (footnote and citations omitted). At least two state courts have adopted this view. *See Saucier v. State Tax Assessor,* 708 A.2d 281, 282–83 (Me.1998); *Tucson Elec. Power Co. v. Apache County,* 185 Ariz. 5, 912 P.2d 9, 23–24 (Ariz.App. Div. 1 1995).

We agree with this more expansive view because it seems to better comport with the broad language of section 362(a)(1) which provides for the stay of "the commencement *or continuation,* including the issuance or employment of process, of a *judicial, administrative, or other action or proceeding* against the debtor. . . ." 11 U.S.C.A. § 362(a)(1) (emphasis added).

■ Here, Clark initiated a forcible entry and detainer action against McDaniel in justice court to evict him from the property he claims to be his residence. This judicial proceeding is plainly covered by

the automatic stay. *See Fabrique, Inc. v. Corman,* 796 S.W.2d 790, 791 (Tex.App.-Dallas 1990), *writ denied,* 806 S.W.2d 801 (Tex.1991) (per curiam); *In re Smith Corset Shops, Inc.,* 696 F.2d 971, 976 (1st Cir.1982); *In re Butler,* 271 B.R. 867, 870 (Bankr.C.D.Cal.2002).

In response to the Clark suit, McDaniel filed a declaratory judgment action in district court to obtain a declaration of the extent of his ownership interest in the subject property. Under section 362(a)(1), this suit is a "continuation" of the judicial proceeding initiated against McDaniel by Clark in justice court. *See Delpit,* 18 F.3d at 772–73; *Tucson Elec. Power Co.,* 912 P.2d at 23–24. Thus, the declaratory judgment action is likewise covered by the automatic stay.

Therefore, because the underlying suit is stayed by McDaniel's bankruptcy proceeding and because the Supreme Court has abated mandamus proceedings under similar circumstances, we will abate this proceeding under the provisions of Rule of Appellate Procedure 8.

This proceeding is abated until further order of this Court, subject to reinstatement upon proper motion. *See* TEX.R.APP. P. 8.2, 8.3; *Hoekstra,* 47 Tex. Sup.Ct. J. at 276 (abatement order). All motions and other documents pending or filed are abated subject to being reurged in the event the proceeding is reinstated. It is the parties' responsibility to notify the Clerk of this Court immediately when the bankruptcy stay is lifted. *Id.*

Chief Justice GRAY dissenting.

GRAY, Chief Justice, dissenting to abatement order.

This case *is* "suspended." TEX. R. APP. P. 8.2. If anything we do after bankruptcy is void, *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988), so too is this order void. I would administratively place this case on the bankruptcy calendar, notify the parties of this action, and remind the parties of Local Rule 18.

We are "chasing after the wind." *Ecclesiates* 2:17. I respectfully dissent.