Kenneth LATTIN, Charles Rice, Douglas Benson, and Ravin Venture Capital Fund, L.L.C., Appellants,

v.

Ellwood T. BARRETT and Ellwood T. Barrett, II, Appellees.

No. 10–03–00287–CV.

Court of Appeals of Texas, Waco.

Jan. 19, 2005.

John R. Crews, C. Glen Morris and Suellen Ratliff, Gibson, Dunn & Crutcher, L.L.P., Dallas, for Appellants.

James D. Pierce, Timothy F. Lee and B. Lee Ware, Ware, Snow, Fogel & Jackson, L.L.P., Houston, for Appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

■ The trial court denied special appearances filed by Appellants in the above cause. This Court affirmed the court's order in part and reversed it in part by opinion dated November 17, 2004. *Lattin v. Barrett*, 154 S.W.3d 169, 2004 WL 2610452 (Tex.App.-Waco Nov. 17, 2004, no pet. h.). Appellant Kenneth Lattin filed a motion for rehearing in this Court on December 3. Lattin and Appellant Douglas Benson then filed a notice of removal of the claims against them to bankruptcy court on December 9. Because this Court denied Lattin's motion for rehearing before receiving notice of removal, the order denying rehearing is not affected by the removal. Because of the removal, we will abate this proceeding, subject to reinstatement when and if the bankruptcy court executes a remand order and the clerk of that court mails a certified copy to this Court. *See* 28 U.S.C.A. 1447(c) (West Supp.2004); *Quaestor Invs., Inc. v. State of Chiapas, Mex.*, 997 S.W.2d 226, 229 (Tex.1999) (per curiam); *cf. In re McDaniel*, 149 S.W.3d 860, 860–61 (Tex. App.-Waco 2004, order) (abating mandamus proceeding stayed by bankruptcy).

According to the exhibits attached to the notice of removal Lattin and Benson filed with this Court, the claims against them are related to a bankruptcy case filed by a California corporation. *See* 28 U.S.C.A. § 1334(b) (West 1993),[1] § 1452(a) (West 1994);[2] *Stewart Title Co. v. Street*, 731 S.W.2d 737, 739 (Tex.App.-Fort Worth 1987, orig. proceeding). Title 28, section 1446 governs the removal of an action from state to federal court. 28 U.S.C.A. § 1446 (West 1994 & Supp.2004). Subsection (d) of that statute provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

*Id.* § 1446(d).

The Fifth Circuit has construed this provision to mean that a state court may continue to exercise jurisdiction in a case removed to federal court "until it has been given actual or constructive notice of removal." *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir.1985) (quoted in

---

1. 28 U.S.C.A. § 1334(b) provides:

   Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

2. 28 U.S.C.A. § 1452(a) provides:

   A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

*Davis v. Est. of Harrison,* 214 F.Supp.2d 695, 698 (S.D.Miss.2002)).

Here, this Court denied Lattin's motion for rehearing on December 14. The cover letter accompanying the notice of removal filed in this Court is dated December 16. The notice was received by this Court and filed on December 20.

Because this Court did not receive actual or constructive notice of the removal until December 20, the December 14 order denying Lattin's motion for rehearing is valid and effective. Rule of Appellate Procedure 19.1(b) provides that the plenary jurisdiction of this Court extends for thirty days after the denial of the motion for rehearing. Six of those thirty days had elapsed when this Court received notice of removal. The remaining twenty-four days will commence to run when and if the bankruptcy court executes a remand order and the clerk of that court mails a certified copy to this Court. *See* 28 U.S.C.A. 1447(c); *Quaestor Invs.,* 997 S.W.2d at 229. Until such time, this cause is abated. *Cf. McDaniel,* 149 S.W.3d at 863.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

We are not determining our jurisdiction. To the extent that the Court discusses jurisdiction after the notice of removal is received by the Court, you would expect the Court to conclude that we now have no jurisdiction. This is because we have received actual notice of the removal of this case to federal court. You may then wonder: under what authority does the Court render any order other than a determination that we have no jurisdiction to take some action sought by the parties? I did too. I was referred only to cases that hold we have jurisdiction to determine our jurisdiction but no jurisdiction to take any other action if we determine we have no jurisdiction and to other cases that support

the notion we could possibly abate a collateral matter until an automatic bankruptcy stay in a related matter is lifted. *In re McDaniel,* 149 S.W.3d at 863 (Tex.App.-Waco 2004, order) (order abating an original proceeding when the related matter was stayed by bankruptcy).

I have found no authority that gives us jurisdiction to render an abatement order when it is undisputed that we no longer have jurisdiction of the case.

To the extent the Court expresses an opinion on conditional circumstances and events that have not yet occurred, I have always thought that was an advisory opinion; something we do not have authority to do. *See Armstrong v. State,* 805 S.W.2d 791, 794 (Tex.Crim.App.1991) (the courts are without authority to render advisory opinions).

I have been unable to determine what this order accomplishes or why it is necessary.

I dissent.