IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00166-CV

 

In re
Gary Mack McDaniel

 

 



Original Proceeding

 

 



ABATEMENT ORDER



 








          Gary Mack McDaniel seeks a writ of
mandamus from this Court directing Respondent, the Honorable Robert Jones,
sitting by assignment in the 66th Judicial District Court of Hill County, to vacate an order granting Glynda S. Clark’s motion to disqualify McDaniel’s
counsel Bennett Brantley Aufill, III in the underlying suit.[1] 
However, Judge Jones was assigned only for the hearing on Clark’s motion on the
particular date it was set.  The elected judge of the 66th Judicial District
Court, the Honorable F. B. McGregor, Jr., remains the presiding judge in the
underlying suit, and there is nothing in the record to indicate that McDaniel
has asked Judge McGregor to reconsider Judge Jones’s ruling.

          In a mandamus proceeding in which the
respondent had not sought reelection and a new judge was elected to his seat,
this Court abated the proceeding to allow the relator an opportunity to present
his motion to the newly-elected judge, obtain a ruling, and amend his
petition.  In re Whitfield, 134 S.W.3d 314, 315 (Tex. App.—Waco 2003,
order) (per curiam).  We will follow a similar procedure in this case.

If Judge McGregor refuses to set aside Judge Jones’s
ruling on the motion to disqualify, then McDaniel may amend his petition to
specifically allege that Judge McGregor issued the ruling from which relief is
sought, and we will duly consider the amended petition.  See id.

Accordingly, we abate this proceeding for 45
days from the date of this Order to allow McDaniel the opportunity to ask Judge
McGregor to set aside Judge Jones’s ruling on the motion to disqualify, obtain
a ruling, and amend the petition for writ of mandamus if necessary.  Regardless
of the ruling, McDaniel is ordered to provide the Clerk of this Court with a
certified copy of Judge McGregor’s order within 45 days after the date of this
Order.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Proceeding abated

Order issued and filed
October 5, 2005

Do not publish

[OT06]









[1]
          This proceeding was abated for a
period of time when McDaniel filed bankruptcy.  See In re McDaniel, 149
S.W.3d 860 (Tex. App.—Waco 2004, order).  The bankruptcy has since been
dismissed and this proceeding reinstated.








ribution to disposing of community debts, from the $40,000 Donald used to improve her
separate estate. One cannot say that the court abused its discretion when it awarded Donald only
$20,000 in addition to one-half of the net proceeds from the sale of the real property. See id. 
Point two is overruled. 
          The court sent a letter to each party advising them that the final hearing in the cause would
be on June 23, 1989, at 2:00 P.M. Donald appeared at the hearing but claimed that he was not
ready for trial because Mary had failed to respond to discovery requests. Mary argued that she
had produced everything she was required to produce, and asserted that Donald's motion was
actually a "disguised motion for a continuance." Point three is that the court erred when it
proceeded to trial on June 23 after Donald announced that he was not ready for trial.
          The court was within its discretion in treating Donald's complaint that he was not ready
for trial as an oral motion for a continuance. A court has broad discretion in acting on a motion
for a continuance, and its ruling will not be disturbed except for an abuse of discretion. Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). Furthermore, a presumption exists that a court
ruled correctly when it denies an oral motion for a continuance. Drake v. State, 488 S.W.2d 534,
536 (Tex. Civ. App.--Dallas 1972, writ ref'd n.r.e.). Accordingly, the court did not err when it
proceeded to trial on June 23, and point three is overruled.
          Donald and Mary elected to waive their right to a trial by a jury and agreed to submit the
case to the judge. Point four is that the court erred when it required the attorneys to submit their
final arguments in writing.
          A judge has broad discretion in conducting a trial. Best Investment Company v.
Hernandez, 479 S.W.2d 759, 761 (Tex. Civ. App.--Dallas 1972, writ ref'd n.r.e.). In Hernandez,
the court held that a judge acts within his discretion as long as he exercises "judicial objectivity
in his conduct of the proceedings and at no time . . . [ceases] to become a judge and [assumes] the
role of an advocate." Id. Furthermore, discretionary actions of a court should not be reversed
unless the party complaining can prove that he was deprived of a substantial right. City of Corpus
Christi v. Krause, 584 S.W.2d 325, 330 (Tex. Civ. App.--Corpus Christi 1979, no writ). The
refusal of a court to hear oral arguments will not be grounds for a reversal unless there is evidence
that the court's judgment was improperly reached. Id.
          The court did not abuse its discretion when it requested that both parties submit their
arguments in writing. Moreover, Donald waived any error when he failed to object. See TEX.
R. APP. P. 52(a). If any error was preserved, Donald has failed to show how he was harmed. 
Id. at 81(b)(1). Point four is overruled and the judgment is affirmed as reformed.
 
                                                                                                                              
                                                                                           BOB L. THOMAS
DO NOT PUBLISH                                                               Chief Justice

[Participating: Chief Justice Thomas, Chief Justice McDonald (Retired) and Justice James
(Retired)]