Opinion issued May 18, 2006 



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00684-CV
__________
 
JOHN PARRISH, Appellant
 
V.
 
U.S. BANK, N.A., AS TRUSTEE SUCCESSOR BY MERGER TO FIRSTAR
BANK, N.A., AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN
TRUST, SERIES 2000-NC1 AND OCWEN FEDERAL BANK, FSB,
Appellees
 

 
 
On Appeal from the County Civil Court at Law Number 2
Harris County, Texas
Trial Court Cause No. 838,097
 

 
 
MEMORANDUM OPINION
          Appellant, John Parrish, challenges the trial court’s entry of judgment in favor
of appellees, U.S. Bank, N.A., as trustee successor by merger to Firstar Bank, N.A.,
as trustee for New Century Home Equity Loan Trust, Series 2000-NC1 and Ocwen
Federal Bank, FSB (“U.S. Bank”), in U.S. Bank’s forcible entry and detainer suit. 
In one issue, Parrish contends that the forcible entry and detainer suit “was invalid
due to bankruptcy.”



          We affirm. 
Factual and Procedural Background
          On March 31, 2005, U.S. Bank filed a petition for forcible entry and detainer
in the justice court of Harris County, Texas,


 stating, among other things, that it had
acquired a property located at 4914 Innsbruk, Houston, Texas 77066 (the “property”)
at a substitute trustee’s sale, that it had demanded possession of the property from
Parrish but Parrish had refused the demand, and that it was entitled to institute an
action for forcible entry and detainer under the terms of its deed. U.S. Bank attached
to its petition a copy of the deed of trust, the substitute trustee’s deed, and the notice
to vacate that it had sent to Parrish. 
          On April 26, 2005, the justice court entered an “eviction-judgment” in favor
of U.S. Bank. On May 10, 2005, U.S. Bank filed in the instant action a copy of the
petition that it had originally filed in justice court. On June 1, 2005, after the trial
court conducted a non-jury trial, it entered a judgment in favor of U.S. Bank,
concluding that U.S. Bank was entitled to possession of the property, that Parrish was
a tenant at sufferance pursuant to the foreclosure sale of the property on March 1,
2005, and that U.S. Bank was entitled to all writs necessary to enforce the judgment.Discussion
          In support of his argument that the forcible entry and detainer proceeding “was
invalid due to bankruptcy,” Parrish asserts that “in order to avoid foreclosure” of his
property, he had “entered into an agreement with Mr. James Miller and Mr. John
Wells of United Foreclosure Relief Services to assist in the sale of the property,” that
“as compensation Mr. Miller was provided a warranty deed in the amount of 5%
interest in the property,” that U.S. Bank “was notified of the warranty deed and Mr.
Miller’s subsequent filing of Chapter 7 Bankruptcy petition,” and that U.S. Bank
“proceeded with the Trustee’s Sale/Foreclosure Auction without verification or
investigation of the information received.” Parrish argues that the trustee sale was
invalid “due to the automatic stay protection provided by Federal Bankruptcy Relief,”
that the resulting forcible entry and detainer proceeding was also invalid, and that
U.S. Bank “should have made a good faith effort to investigate and verify the
information provided prior to sale.” However, Parrish does not provide any
references to the clerk’s or reporter’s record, and the above assertions are
unsupported by any competent evidence.
          U.S. Bank notes that Parrish failed to produce any evidence that the forcible
entry and detainer proceeding violated a bankruptcy stay. Additionally, in response
to Parrish’s factual allegations concerning Parrish’s alleged transfer of an interest in
the property to Wells and Miller, U.S. Bank attaches in an appendix to its brief what
purports to be a copy of a warranty deed for the property, dated January 25, 2005,
identifying Parrish as a grantor of the property and Miller as a grantee. However, the
portion of the deed that reflects the percentage of interest in the property allegedly
transferred from Parrish to Miller is blank. U.S. Bank also attaches what appears to
be a copy of a docket sheet, a schedule of real property, and related court documents
from a bankruptcy case pending in the United States Bankruptcy Court for the Central
District of California, in which “James Miller a/k/a David Miller” is identified as the
debtor. U.S. Bank notes that in the schedule of real property filed in this bankruptcy
proceeding, when asked to list all real property in which he has any interest, Miller
stated “none.” U.S. Bank asserts that any alleged transfer of the property from Parrish
to Wells and Miller was fraudulent, that John Wells has attempted this scam
numerous times in other transactions in which U.S. Bank has been a party, and that
U.S. Bank had advised Parrish of such in the proceedings below. U.S. Bank further
asserts that, in the proceedings below, the county court had ordered Parrish to
produce either Wells or Miller in court, but that Parrish failed to do so. U.S. Bank’s
factual assertions are largely unsupported by record evidence, and we note that the
documents that appear solely in the appendix of a brief are not part of the record and
are generally not considered on appeal. See Till v. Thomas, 10 S.W.3d 730, 733–34
(Tex. App.—Houston [1st Dist.] 1999, no pet.).
          We note that at least one other Texas court of appeals has stated that a forcible
entry and detainer action “is plainly covered by the automatic stay” provision of the
United States Bankruptcy Code.


 In re McDaniel, 149 S.W.3d 860 (Tex.
App.—Waco 2004, order). Here, however, the record does not support Parrish’s
assertion that by filing the forcible entry and detainer suit below, U.S. Bank initiated
a judicial proceeding against “a debtor” that was subject to an automatic stay. 
Accordingly, we hold that the trial court did not err in entering judgment in favor of
U.S. Bank.
          We overrule Parrish’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.