**IN RE PEGASUS FUNDS TFN TRADING PARTNERS, LP, Robert A. Shuey, III and William B. Glenn, Jr., Relators.**

No. 05–11–00580–CV.

Court of Appeals of Texas, Dallas.

June 24, 2011.

---

Jennifer S. Stoddard, Christopher B. Welsh, Stoddard & Welsh, PLLC, Dallas, for Relators.

C. John Scheef, III, Leslie M. Sanderson, Scheef & Stone, L.L.P, Frisco, for Real Party in Interest.

Before Justices BRIDGES, FITZGERALD, and MURPHY.

## OPINION

Opinion by Justice FITZGERALD.

Relators filed this mandamus proceeding alleging that the trial court's judgment is void due to the bankruptcy filing of relator Pegasus Funds TFN Trading Partners, LP, and seeking to stop post-judgment discovery and collection attempts. In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). We conclude that the trial court's judgment was void as to Pegasus due to the automatic stay provisions of the bankruptcy code. However, we conclude that the automatic stay did not extend to the individual defendants, and that the judgment is not void as to them. We therefore conditionally grant the writ of mandamus in part and deny it in part.

■ The parties agree that Pegasus filed for bankruptcy on August 2, 2010. When a bankruptcy petition is filed, it triggers the automatic stay under the bankruptcy code. See 11 U.S.C.A. § 362(a)(1) (West 2004 & Supp.2009); *In re Sensitive Care, Inc.,* 28 S.W.3d 35, 38–39 (Tex.App.-Fort Worth 2000, orig. proceeding) (finding judgment rendered after bankruptcy petition filed void as a matter of law); *Paine v. Sealey,* 956 S.W.2d 803, 805 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (action taken to continue lawsuit against debtor void). The automatic stay deprives state courts of jurisdiction over proceedings against the debtor, and any action taken against the debtor while the stay is in place is void and without legal effect. *See Kalb v. Feuerstein,* 308 U.S. 433, 439, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Howell v. Thompson,* 839 S.W.2d 92, 92 (Tex.1992) (opinion issued after filing of

bankruptcy proceedings void). Accordingly, the judgment of the trial court was void as to relator Pegasus, and the trial court lacked the authority to attempt to correct its judgment by dismissing Pegasus. Because Pegasus has no adequate remedy by appeal, it is entitled to mandamus relief from the trial court's order.

■ However, the automatic stay in the bankruptcy code does not extend to the individual relators here. "[T]he automatic stay provision does not extend to actions against nondebtors simply because of their relationship to debtor." *Texas–Ohio Gas, Inc. v. Mecom,* 28 S.W.3d 129, 144 (Tex.App.-Texarkana 2000, no pet.) (holding stay would not extend to "separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation") (internal quotation and citation omitted); *see also Gulf States Petroleum Corp. v. General Elec. Cap. Auto Lease,* 134 S.W.3d 504, 508 (Tex.App.-Eastland 2004, no pet.) (finding default judgment void as to debtor but not as to debtor's president, because "the automatic bankruptcy stay is rarely a valid basis for staying actions against nondebtors"); *Star–Tel, Inc. v. Nacogdoches Telecomm. Inc.,* 755 S.W.2d 146, 150 (Tex. App.-Houston [1st Dist.] 1988, no writ) ("stays pursuant to section 362 are limited to debtors and do not encompass non-bankrupt co-defendants"). The August 3, 2010 judgment has not been shown to be void as to the other relators, and there was no abuse of discretion in the trial court's determination that the judgment could be enforced as to these relators.

Accordingly, we conditionally grant the relators' petition for writ of mandamus in part and deny it in part. A writ will issue only in the event the trial court fails to vacate its August 6, 2010 "Dismissal of Claims against Pegasus Funds TFN Trading Partners, L.P. Without Prejudice" and to void the August 3, 2010 judgment as to Pegasus. The Court **LIFTS** the stay imposed by its order of May 13, 2011.