**Order entered August 21, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00925-CV

**THAD F. BAKER A/K/A FRED BAKER, ET AL, Appellants**

**V.**

**W. R. EDWARDS, JR., Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-00003-F**

## ORDER

On August 1, 2013, after a review of the clerk's record revealed appellee-debtor had filed a notice of bankruptcy, we informed the parties that the appeal would be abated pursuant to Texas Rule of Appellate Procedure 8.2 unless the parties filed a motion to reinstate showing the appeal is permitted by federal law or the bankruptcy court. *See* TEX. RS. APP. P. 8.2, 8.3. The parties complied, asserting that the automatic stay of judicial proceedings provided in section 362 of the Bankruptcy Code does not apply to this appeal because the case was initiated by appellee-debtor, and no claims were brought against him. *See* 11 U.S.C. § 362(a) (West Supp. 2013); *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993); *In re McDaniel*, 149 S.W.3d 860, 862 (Tex. App.—Waco 2004, order).

Because the automatic stay is only applicable to claims against the debtor, we **GRANT** appellee's August 5, 2013 motion regarding involuntary bankruptcy and appellants' August 6, 2013 motion to reinstate appeal suspended by bankruptcy. *See Montgomery Ward & Co. v. Denton Cnty. Appraisal Dist.,* 13 S.W.3d 828, 829 (Tex. App.—Fort Worth 2000, pet. denied). We **ORDER** appellants to file their brief on the merits no later than September 23, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE