

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE | § | No. 08-25-00140-CV |
| | § | |
| JAZMINE DAVIS | § | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator Jazmine Davis has filed this petition for writ of mandamus directed against the Honorable Selena Solis of the 243rd District Court of El Paso County. Davis challenges actions taken by the trial court during a bankruptcy stay and requests we compel the trial court to vacate its: (1) Findings of Fact and Conclusions of Law, and (2) Judgment. We conditionally grant the writ of mandamus.

## I. BACKGROUND

Real Parties in Interest[1] filed suit against Davis in 2022 to collect the repayment of a loan. A bench trial was held on February 3, 2025, and the trial court took the matter under advisement. On March 10, 2025, Davis filed for bankruptcy in the U.S. Bankruptcy Court for the Western District of Texas, El Paso Division. Two days later, Davis filed her Notice of Bankruptcy Filing

---

[1] Facile Contractors, LLC, Edgar Facio, Aaron Davis, and Natalie Davis.

in the trial court. That same day, March 12, the trial court signed and filed its Findings of Fact and Conclusions of Law. On March 13, the trial court signed its Judgment, which it filed the following day. A docket entry titled "Notice of Lifting Stay" is also dated March 14. On that day, Davis filed her Motion to Strike Findings of Fact, Conclusions of Law and Judgment, which remains pending. Three days later, Davis filed a second Notice of Bankruptcy in the trial court. This mandamus proceeding followed.[2]

## II. DISCUSSION

Davis argues the trial court's Findings of Fact and Conclusions of Law and Judgment are void because they were entered during the automatic stay. In response, Real Parties in Interest contend that the automatic stay suspends all proceedings, including an original proceeding, and request that we abate this proceeding until the stay is annulled or the bankruptcy proceedings have concluded.[3]

---

[2] Following the filing of this original proceeding, Real Parties in Interest filed their Motion for Retroactive Annulment of Automatic Stay with Waiver of Thirty Day Hearing Requirement in the Bankruptcy Court for the Western District of Texas, El Paso Division; that motion remains pending.

[3] Real Parties in Interest rely on a Texas Supreme Court dissent to support their position that a stay suspends all proceedings, including original proceedings. *See In re Living Centers of America, Inc.*, 35 S.W.3d 596, 597 (Tex. 2000) (orig. proceeding) (Owen, J., and Hecht, J., dissenting). There, the dissenting justices observed: "Although this Court characterizes a mandamus proceeding as an original proceeding, it seems an inescapable conclusion under federal law, a mandamus proceeding in which a debtor is a defendant in the underlying litigation is a 'continuation . . . of a judicial . . . proceeding against the debtor.' This would seem to be so even when the debtor is the Relator." *Id*. We recognize that courts have, in some instances, abated mandamus proceedings while a stay remains in effect. *See, e.g.*, *In re SED Holdings, LLC*, No. 14-16-00448-CV, 2025 WL 719826, at *1 (Tex. App.—Houston [14th Dist.] Mar. 6, 2025, orig. proceeding) (per curiam) (mem. op); *In re Allen*, No. 01-23-00226-CV, 2023 WL 3743184, at *1 (Tex. App.—Houston [1st Dist.] June 1, 2023, orig. proceeding) (per curiam) (mem. op.); *In re GAF Corp.*, No. 08-00-00517-CV, 2001 WL 46960, at *1 (Tex. App.—El Paso Jan. 18, 2001, orig. proceeding). The Texas Supreme Court has also granted writ of error and vacated the judgment of a court of appeals entered during the automatic stay. *See Howell v. Thompson*, 839 S.W.2d 92 (Tex. 1992). However, when the requested mandamus relief is specific to seeking to vacate orders entered during the automatic stay, courts have granted such relief. *See, e.g.*, *In re Pegasus Funds TFN Trading Partners, LP*, 345 S.W.3d 175 (Tex. App.—Dallas 2011, orig. proceeding); *In re Small*, 286 S.W.3d 525 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (op. on reh'g); *In re De La Garza*, 159 S.W.3d 119 (Tex. App.—Corpus Christi 2004, orig. proceeding) (op. on reh'g); *In re Jamilah*, No. 01-05-00521-CV, 2005 WL 1704506, at *1 (Tex. App.—Houston [1st Dist.] July 21, 2005, orig. proceeding) (mem. op).

Mandamus relief is generally available when the record shows that the trial court clearly abused its discretion or violated a duty imposed by law, and no adequate remedy by appeal exists. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding) (per curiam). Mandamus relief is also proper when a trial court takes actions beyond its jurisdiction. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). A relator who shows the trial court's action is void need not show it did not have an adequate remedy by appeal. *Id*. ("Further, because the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate.").

A petition filed under the Bankruptcy Code operates as an automatic stay of judicial proceedings against the debtor. 11 U.S.C.A. § 362(a)(1). The automatic stay deprives state courts of jurisdiction over proceedings against the debtor until the stay is lifted or modified. *In re Pegasus Funds TFN Trading Partners, LP*, 345 S.W.3d 175, 176 (Tex. App.—Dallas 2011, orig. proceeding). In Texas, an action taken in violation of an automatic stay is void. *Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988) (per curiam).

The record shows that Relator filed two notices of bankruptcy with the trial court. The first was filed on March 12, 2025, and the second on March 17, 2025. Both provided the same content. They informed the trial court and all parties that Davis had filed a bankruptcy case under Chapter 13 of the U.S. Bankruptcy Act, in the U.S. Bankruptcy Court for the Western District of Texas, El Paso Division, under Cause No. 25-30284, filed on March 10, 2025. The two notices differed from each other only slightly in form but not in substance. Davis gave notice on March 12 without including an attachment to her notice. Five days later, on March 17, she attached a copy of a letter of representation from her bankruptcy attorneys to her notice of bankruptcy. These

notices establish that a bankruptcy case was initiated on March 10, 2025, and the automatic stay began on that date.

A few days after the automatic stay took effect, the trial court issued findings of fact and conclusions of law on March 12, 2025, and a judgment on March 14, 2025. Because these rulings were issued after Davis had filed her bankruptcy case, they are void under Texas law, and the trial court had no choice but to vacate both of them once informed of the automatic stay. *See Thomas v. Miller*, 906 S.W.2d 260, 262 (Tex. App—Texarkana 1995, no pet.) (holding that the trial court has not only the power but the duty to vacate a void judgment). Mandamus lies to correct a judgment of which the trial court had no power to render. *Id.* ("[m]andamus is a proper mode of attack upon a void judgment."). *Id.* at 263.

We turn to address Davis's appendix which lists a "docket sheet"[4] that reflects a March 14, 2025 entry titled "Notice of Lifting Stay." A party seeking relief in an original proceeding must include an appendix with a petition. Tex. R. App. P. 52.3(k). As necessary contents, the appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of[.]" Tex. R. App. P. 52.3(k)(1)(B). As optional contents, "[t]he appendix may contain any other item pertinent to the issues or points presented for review." Tex. R. App. P. 52.3(k)(2). As required, Davis provides certified copies for items listed in her appendix except one. For "Appendix No. 6," Relator included a description that says, "Notice of Lifting Stay," with a corresponding blank space as the page number. No item is attached for that entry. Davis explains in a footnote that she is unaware of any notice of a lifting of the stay, that she did not receive a copy from the District Clerk or any other source, but the entry appears on the

---

[4] Davis reconstructed the docket in the table of contents to her appendix. The actual docket sheet, however, is not part of the record.

docket sheet of the underlying case. Appendix No. 6 is not proof of any fact when no certified copy of that proof is attached with the petition.

## III. CONCLUSION

We conditionally grant the petition for writ of mandamus. We are confident the trial court will comply, and the writ will issue only in the event the trial court fails to vacate its Findings of Fact and Conclusions of Law and Judgment.

MARIA SALAS MENDOZA, Chief Justice

July 30, 2025

Before Salas Mendoza, C.J., Palafox, J., and Rodriguez, C.J. (Ret.)
Rodriguez, C.J. (Ret.) (sitting by assignment)