ACCEPTED
04-15-00087-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/23/2015 7:20:09 PM
KEITH HOTTLE
CLERK

No. 04-15-00087-CV

IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/23/2015 7:20:09 PM
KEITH E. HOTTLE
Clerk

ESTATE OF SHIRLEY L. BENSON

THOMAS MILTON BENSON, JR.,
AS TRUSTEE OF THE
SHIRLEY L. BENSON TESTAMENTARY TRUST,
*Appellant*

v.

Renee Benson,
*Appellee*

On Appeal from Probate Court No. 2
Bexar County, Texas
Cause No. 155,572 and 155,572-A

UNOPPOSED MOTION TO ABATE DUE TO
REMOVAL TO FEDERAL COURT

The Appellant— Thomas Milton Benson, Jr., in his capacity as Trustee of the Shirley L. Benson Testamentary Trust—removed this case to federal court last Wednesday, March 18, 2015. *See* Ex. 1.

Upon receiving notice of removal, the state courts "shall proceed no further unless and until the case is remanded." 28 U.S.C. §1446(d). Therefore, this Court

should abate the appeal, including the briefing schedule, until it is determined whether the case will remain in federal court. *Lattin v. Barrett*, 153 S.W.3d 700, 701 (Tex. App.—Waco 2005, no pet.) ("Because of the removal, we will abate this proceeding, subject to reinstatement when and if the bankruptcy court executes a remand order and the clerk of that court mails a certified copy to this Court.") (citing *Quaestor Invs., Inc. v. State of Chiapas, Mex.*, 997 S.W.2d 226, 229 (Tex.1999) (per curiam)).

As of now, the appellant's brief has been filed, and the appellee's brief is due March 26, 2015. This Court denied Thomas Benson's motion to further expedite this accelerated appeal but stated that no extensions of briefing deadlines would be granted absent extraordinary circumstances. For the moment, because of the removal, Renee Benson has no choice but to switch her attention away from this brief to the federal-court proceedings. If and when the case is remanded to state court, and the briefing schedule resumes, Renee Benson respectfully requests that this Court reset the deadline for her appellee's brief to give her a reasonable amount of time to complete and file the brief. The parties agree to 14 days from the day the Court is notified of remand, but Renee Benson reserves the right to request a slightly longer period depending on the circumstances at the time remand occurs.

Respectfully submitted,

/s/ Harriet O'Neill

Bennett L. Stahl
State Bar No. 19006500
blstahl@csg-law.com
CURL STAHL GEIS
A PROFESSIONAL
CORPORATION
One Riverwalk Place
700 North St. Mary's Street, Ste. 1800
San Antonio, Texas 78205
Telephone: (210) 226-2182
Telecopier: (210) 226-1691

Emily Harrison Liljenwall
State Bar No. 12352250
eliljenwall@scs-law.com
SCHOENBAUM, CURPHY
& SCANLAN, P.C.
112 E. Pecan, Suite 3000
San Antonio, Texas 78205
Telephone: (210) 224-4491
Telecopier: (210) 224-7983

Harriet O'Neill
State Bar No. 00000027
honeill@harrietoneilllaw.com
LAW OFFICE OF
HARRIET O'NEILL, P.C.
919 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 944-2222
Telecopier: (512) 476-6441

Douglas W. Alexander
State Bar No. 00992350
dalexander@adjtlaw.com
Amy Warr
State Bar No. 00795708
awarr@adjtlaw.com
ALEXANDER DUBOSE
JEFFERSON & TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile: (512) 482-9303

*Attorneys for Appellee Renee Benson*

3

## CERTIFICATE OF CONFERENCE

On March 23, 2015, I conferred with Russell Post, attorney for Appellant, and he stated that his client does not oppose the motion to abate. Further, if remand occurs, his client does not oppose a new deadline for appellee's brief of 14 days after this Court receives notice of the remand.

/s/ Harriet O'Neill
Harriet O'Neill

## CERTIFICATE OF SERVICE

On March 23, 2015, I electronically filed this document with the Clerk of the

Court using the eFile.TXCourts.gov electronic filing system which will send

notification of such filing to the following:

David J. Beck
State Bar No. 0000070
dbeck@beckredden.com
Russell S. Post
State Bar No. 0079758
rpost@beckredden.com
Troy Ford
State Bar No. 24032181
tford@beckredden.com
Owen J. McGovern
State Bar No. 24092804
omcgovern@beckredden.com
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

*Attorneys for Trustee Thomas Milton Benson, Jr.*
*As Trusted of the Shirley L. Benson Testamentary Trust*


   /s/ Harriet O'Neill
   Harriet O'Neill

5

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RENEE BENSON | § | |
| | § | |
| V. | § | C.A. No. 15-202 |
| | § | |
| THOMAS MILTON BENSON, JR. | § | |
| As Trustee of the | § | |
| SHIRLEY L. BENSON | § | |
| TESTAMENTARY TRUST | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441, *et seq.*, Defendant / Defendant-Trustee Thomas Milton Benson, Jr. ("Mr. Benson") hereby removes to this Court the state court action *Renee Benson v. Thomas Milton Benson, Jr., as Trustee of the Shirley L. Benson Testamentary Trust*, Cause Number 155,572-A.[1] As grounds for removal, Mr. Benson states as follows:

### NATURE OF THE ACTION

1. After being appointed as Temporary, Limited Co-Receivers in a pending state court action to remove Mr. Benson as the Trustee of the Shirley L. Benson Testamentary Trust ("Trust"), Co-Receivers Phil Hardberger and Art Bayern filed a Plea in Intervention to join in that action and assert new claims. This filing hijacked the underlying action against the Trustee, using it as a vehicle to pursue an entirely new case that bears no resemblance whatsoever to the original trustee removal action and could not have been pursued in its own right.

---

[1] Mr. Benson only seeks removal of Cause Number 115,572-A, *Renee Benson v. Thomas Milton Benson, Jr.*, which contains (1) Petitioner's original petition to remove Mr. Benson as Trustee and (2) the Co-Receivers' Plea in Intervention. He does <u>not</u> seek to remove *Estate of Shirley L. Benson*, Cause Number 155,572, which is the original action administering the Estate of decedent Shirley L. Benson. The administration of that Estate has been closed for over thirty years.

2.     Unlike the original petition between Mr. Benson—in his official capacity as Trustee—and his daughter—Petitioner Renee Benson—the Co-Receivers' Plea in Intervention sues Mr. Benson in his <u>personal</u> capacity.  And whereas the original action affirmatively stated that it sought no monetary relief from Mr. Benson individually, the Co-Receivers' seek a declaration that would (1) invalidate his $550 million reacquisition of assets from several trusts that are completely unrelated to the underlying trustee removal proceeding, and (2) divest him of <u>one</u> share of stock in Bensco, Inc.—a company with more than 1.6 million outstanding shares.

3.     Faced with this radically altered action against his personal assets, Defendant / Defendant-Trustee Mr. Benson now seeks to exercise his right to remove this case to federal court.

## TIMELINESS OF REMOVAL

4.     Service of the Co-Receivers' Plea in Intervention was effected on or about March 2, 2015.  *See* Tab F.  This Notice of Removal has been filed within thirty (30) days of service of the last-served defendant (Mr. Benson in his individual capacity)[2] and with the consent of all earlier-served defendants (Mr. Benson as Trustee) and is therefore timely.  *See* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

5.     Removal is also timely for Mr. Benson in his capacity as Trustee under the Fifth Circuit's long-recognized "revival exception."  This judicially-created exception to 28 U.S.C.

---

[2] Mr. Benson was not made a defendant in his personal capacity in the original removal proceeding.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("the distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device."); *Werner v. Colwell*, 909 S.W.2d 866, 870 (Tex. 1995) ("Nowhere in her operative pleading does Colwell allege that I.M. Werner was liable in her capacity as trustee.  Unless waived by a general appearance a court cannot confer a capacity on the party that has not been pleaded.").

§ 1446's 30-day requirement provides that "a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). The Plea in Intervention has aligned the parties "in a completely different manner" such that the allegations now "bear no resemblance whatsoever" to the original action. *See id.* Whereas the original petition was an action between a beneficiary and a Trustee, the Plea in Intervention seeks to transform the case into a declaratory action between the Trust itself (through the Co-Receivers) and Mr. Benson in his individual capacity. Such an action "bears no resemblance whatsoever" to the allegations in the original petition—which do not mention, much less contest, the ownership of Bensco shares or the validity of the 2015 asset exchange. Further, Mr. Benson certainly has not consented to litigating those issues in state court.[3] Because the Plea in Intervention "starts a virtually new, more complex, and substantial case against the [defendant] upon which no significant proceedings have been held, [and] the removal will not result in delay, waste, or undue tactical advantage to a party," *Johnson*, 227 F.3d at 242, the revival exception allows Mr. Benson to remove the entire case at this time.

6.     Finally, removal is timely under 28 U.S.C. § 1446(b)(3), which allows removal within 30 days of the filing of an "other paper" giving notice of a federal question, to wit, the Co-Receivers' March 2, 2015 Plea in Intervention.

---

[3] "[A] willingness on the part of the defendant to remain in a state court to litigate a particular claim should not be interpreted as a willingness on his part to remain in a state court to adjudicate a completely different claim."   14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732, at 321 (1998).

**REMOVAL UNDER 28 U.S.C. § 1441(b)**

7.     Removal is proper under 28 U.S.C. § 1441(b).   Section 1441(b)(2) permits removal if the Court has original jurisdiction under 28 U.S.C. § 1332(a) and none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

8.     All served Defendants (Mr. Benson in his individual capacity and Mr. Benson in his capacity as Trustee) are citizens of Louisiana.

9.     All served Defendants (Mr. Benson in his individual capacity and Mr. Benson in his capacity as Trustee) have consented to removal.

**CO-RECEIVERS' PLEA IN INTERVENTION**

I.     **The Co-Receivers' Plea in Intervention Meets the Requirements for Diversity Jurisdiction Under 28 U.S.C. § 1332.**

10.     This Court has jurisdiction of the state court lawsuit under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

A.     **The Amount in Controversy Requirement is Satisfied.**

11.     The amount in controversy is well in excess of $75,000.  Removal is "proper if it is 'facially apparent' from the complaint that the claim or claims asserted exceed the jurisdictional amount." *Salovitz v. Uber Technologies, Inc.*, A-14-CV-823-LY, 2014 WL 5318031, at *5 (W.D. Tex. Oct. 16, 2014) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  In cases where the plaintiff seeks non-monetary relief, the rule in the Fifth Circuit is that "[t]he amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1252–53

(5th Cir. 1998) (internal quotation marks omitted). The Court may apply "common sense" when making an amount in controversy determination. *See Allen*, 63 F.3d at 1336.

12.     Mr. Benson recently furnished $449,857,572 in promissory notes and real property to trusts he created for Petitioner and her children in exchange for the assets held by those trusts.   The Co-Receivers' Plea in Intervention seeks a declaration invalidating this exchange.   Tab F at 7-9.

13.     The Co-Receivers' further challenge the ownership of Bensco, Inc., seeking a declaration that (1) the Shirley Benson Trust is a 50% co-owner of Bensco and (2) that the remaining 50% of Bensco is owned by the 2009 Trusts set up for Petitioner and her children, rather than Mr. Benson himself.   Bensco owns five car dealerships across Louisiana and Texas. It is uncontested that the value of these ownership interests exceeds $75,000.

14.     It is therefore facially apparent from the state court pleadings that the amount in controversy exceeds $75,000.

## B.     There is Complete Diversity Between the Co-Receivers and Mr. Benson.

15.     Complete diversity exists because this is a suit between Texas Plaintiffs (Co-Receivers and Petitioner) and Louisiana Defendants (Mr. Benson, both as an individual and as Trustee).   In aligning the parties for purposes of diversity, courts must "look beyond the pleadings, and arrange the parties according to their sides in the dispute to ensure that the parties have a collision of interests over the principal purpose of the suit and the primary and controlling matter in dispute." *Chesapeake Louisiana, L.P. v. Buffco Prod., Inc.*, 564 Fed. App'x 751, 755 (5th Cir. 2014), *reh'g denied* (June 5, 2014) (quoting *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941)) (internal quotation marks omitted).

16.     Plaintiffs-in-Intervention Phil Hardberger and Art Bayern—the Temporary, Limited Co-Receivers—upon information and belief are residents of San Antonio, Bexar County, Texas.

17.     Robert Rosenthal is Trustee of the Renee Benson 2009 Irrevocable Trust, the Rita Benson LeBlanc 2009 Irrevocable Trust, and the Ryan LeBlanc 2009 Irrevocable Trust ("2009 Trusts"). Rosenthal may be served with citation at his place of business at Rosenthal Pauerstein Sandoloski Agather LLP, 755 East Mulberry St., Suite 200, San Antonio, Texas 78212. Although identified as a party-in-interest in the suit, Rosenthal's interests are aligned with the Plaintiffs-in-Intervention, making him a Plaintiff for the purposes of diversity analysis. The "generally accepted test for alignment places the parties with the same 'ultimate interests' in the litigation on the same side." *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). The Co-Receivers' Plea in Intervention seeks to declare that Mr. Benson's $550 million reacquisition of assets from the 2009 Trusts was invalid for failure to provide "equivalent value" and that the 2009 Trusts—not Mr. Benson—own 50% of Bensco, Inc. This is the exact same position Mr. Rosenthal has taken on the issue.[4] That the Co-Receivers seek the same result that Mr. Rosenthal is currently pursuing in other litigation demonstrates that they share the same "ultimate interest" and should be placed on the same side for purposes of diversity jurisdiction.

---

[4] *See* Complaint for Declaratory Judgment and Injunction, *Thomas Milton Benson, Jr. v. Robert Rosenthal*, Civil Action No. 2:15-cv-00782 (E.D. La. filed March 11, 2015), ECF No. 1 at 15.

18.     Thomas Milton Benson, Jr. ("Mr. Benson") is an individual who is domiciled[5] at 16 Audubon Place, New Orleans, Louisiana 70118.  Mr. Benson is a citizen of the State of Louisiana, spends the vast majority of his time in Louisiana, and manages his substantial business activities—including the New Orleans Saints, the New Orleans Pelicans, and the Trust—from his Louisiana office, located at 5800 Airline Drive, Metairie, Louisiana 70003.  Mr. Benson owns the controlling interest in Bensco, Inc.  His ownership interest is the subject matter of the Co-Receivers' Plea in Intervention.

19.     It is therefore apparent from the face of the pleadings that complete diversity exists between Plaintiffs and the Defendant on the Co-Receivers' Plea in Intervention.  Because the Plea in Intervention satisfies both the amount in controversy and diversity requirements of 28 U.S.C. § 1332, removal is appropriate.

**II.     The Co-Receivers' Plea in Intervention Meets the Requirements for Federal Question Jurisdiction Under 28 U.S.C. § 1331.**

20.     This Court has jurisdiction of the state court lawsuit under 28 U.S.C. § 1331 because the matter is a "civil action[] arising under the Constitution, laws, or treaties of the United States."

21.     The well-pleaded complaint rule requires that for a federal court to have "arising under jurisdiction, the plaintiff's federal law claims must appear on the face of the complaint." *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012).  A federal question exists if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

---

[5] In her related Petition for Interdiction—filed in the Civil District Court for the Parish of Orleans in Louisiana—Petitioner Renee Benson admits that Mr. Benson is domiciled in Louisiana. *See In re Interdiction of Thomas Milton Benson, Jr.*, Cause No. 15-655, at 1 (La. Dist. Ct. filed Jan. 22, 2015).  The domicile of a natural person under Louisiana law is "the place of his habitual residence."  La. Civil Code art. 38.  For Mr. Benson, that place is 16 Audubon Place, New Orleans, Louisiana.

22.     The Co-Receivers and Mr. Rosenthal challenge Mr. Benson's ownership of Bensco, Inc. on the grounds that his exchange of assets was insufficient. However, the 2009 and 2012 Trusts are grantor trusts, which are exclusively a creation of federal law. In accordance with the Internal Revenue Code provisions governing grantor trusts, the grantor of a grantor trust is treated as the owner of the assets held by the trust, and the grantor is responsible for all taxes attributable to assets held by the trust. 26 U.S.C. §§ 671-679.

23.     The Internal Revenue Code's grantor trust provisions interact with other provisions of the Internal Revenue Code. Specifically, among other things, under Sections 2036 and 2038 of the Internal Revenue Code, the grantor's exercise of the right to exchange assets in a grantor trust may, under certain circumstances, result in all of the trust's assets being taxable in the grantor's estate at their current fair market value, disregarding the date of the transfer.

24.     The 2009 and 2012 Trusts were expressly intended to be subject to Internal Revenue Code § 675(4), which gives Mr. Benson grantor status and allows him to "reacquire the trust corpus by substituting other property of an equivalent value." 26 U.S.C. § 675(4).

25.     Mr. Benson's Notice of Exchange states that it was effective as of January 1, 2015. The Notice contained a valuation adjustment clause that allowed Mr. Rosenthal to contest the adequacy—rather than the validity—of the exchange. However, the Co-Receivers and Mr. Rosenthal seek a declaration that because they deem the substituted property inadequate, no exchange has occurred and, therefore, Bensco is owned by the 2009 Trusts instead of Mr. Benson. This contention is contrary to Internal Revenue Code § 675, revenue rulings, and judicial precedents relating thereto, which provide that an exchange of assets under § 675 is effective on the date specified by the grantor, not the date the exchange is accepted by the trustee.

26.     Because the Court cannot grant the relief requested by the Co-Receivers and Mr. Rosenthal without resolving the question of when an asset reacquisition exchange becomes effective under 26 U.S.C. § 675(4), the Plaintiffs' right to relief necessarily depends on the resolution of a substantial question of federal law. It is therefore facially apparent from the state court pleadings that a federal question exists in this case, justifying removal of this action to federal court.

## PETITIONER'S ORIGINAL PETITION TO REMOVE THE TRUSTEE

I.     **Petitioner's Original Petition to Remove the Trustee Meets the Requirements for Diversity Jurisdiction Under 28 U.S.C. § 1332.**

27.     This Court has jurisdiction of the state court lawsuit under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

A.     **The Amount in Controversy Requirement is Satisfied.**

28.     For the purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds the $75,000 statutory minimum in either of two ways: (i) by demonstrating that it is apparent from the face of the petition that the plaintiff's claims are likely to exceed $75,000, or (2) "by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335; *accord, Manguno v. Prudential Prop. and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

29.     Petitioner's original petition seeks to remove Mr. Benson as Trustee and place herself in control of the Trust and its substantial assets. "The amount in controversy, in an action

for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F.3d at 1252–53.

30. The Trust contains—among other assets—approximately $4.7 million in cash, a substantial minority interest in Bensco, Inc., and a 97% ownership interest in Lone Star Capital Bank, which has total deposits of $203 million. It is therefore both "facially apparent" from the complaint and readily apparent upon analysis of the facts in controversy that the claim or claims asserted exceed the jurisdictional amount. *See Salovitz*, 2014 WL 5318031, at *5.

## B. There is Complete Diversity Between Petitioner and the Trustee.

31. Petitioner Renee Benson is an individual having residence at 503 Bluffwood Drive, San Antonio, Bexar County, Texas 78216. She is a current and remainder beneficiary of the Trust and the Petitioner in the underlying action to remove Mr. Benson as Trustee.

32. Thomas Milton Benson, Jr. ("Mr. Benson"), in his capacity as a Trustee, is the Trustee of the Shirley L. Benson Testamentary Trust. As stated, from the time the underlying action was filed to date, he has been domiciled at 16 Audubon Place, New Orleans, Louisiana 70118. Until the Co-Receivers were appointed, Mr. Benson managed the Trust from his Louisiana office, located at 5800 Airline Drive, Metairie, Louisiana 70003.

33. It facially apparent from the state court pleadings that complete diversity exists between Petitioner and Defendant-Trustee. Because both the amount in controversy and diversity requirements of 28 U.S.C. § 1332 have been satisfied, removal is appropriate.

## JURISDICTION UNDER 28 U.S.C. § 1367

34. This Court has diversity and federal question jurisdiction over this case. 28 U.S.C. § 1367. "A claim forms part of the same case or controversy if the 'claim [is] so related to the original claims that [it] derive[s] from a common nucleus of operative fact.'" *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 944 (5th Cir. 2013). Although the claims themselves are

drastically different, they derive from a common nucleus of operative facts in that the Co-Receivers derive their power from the temporary injunction issued pending resolution of Petitioner's action to remove the trustee.[6] Without the underlying trustee removal action, there would be no Plea in Intervention. Thus, it is clear from the face of the pleadings that the Plaintiffs' state law claims all arise from the same nucleus of operative facts. Supplemental jurisdiction is appropriate.

## CONCLUSION

35.    Mr. Benson reserves the right to submit additional evidence in support of this Notice of Removal should Plaintiffs move to remand.

36.    By virtue of this Notice of Removal, Mr. Benson does not waive the right to assert any claims, defenses or other motions permitted under the Federal Rules of Civil Procedure.

37.    Probate Court Number 2 for Bexar County, State of Texas is located in San Antonio, Texas, and therefore is within the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 124(d)(4).

38.    Therefore, venue is proper in the Western District of Texas, San Antonio Division, in accordance with 28 U.S.C. § 1441(a), because it is the "district and division embracing the place where such action is pending."

39.    No previous application has been made by Mr. Benson for the relief requested herein.

---

[6] The state court's Second Amended Order Granting Injunction, Suspending Trustee & Appointing Limited Temporary Co-Receivers with Restrictions is currently being appealed to the Court of Appeals for the Fourth District of Texas at San Antonio. *See* Tabs U-W, *Estate of Shirley L. Benson / Thomas Milton Benson, Jr., as Trustee of the Shirley L. Benson Testamentary Trust v. Renee Benson*, No. 04-15-00087 (Tex. App.—San Antonio brief filed March 6, 2015).

40. Pursuant to 28 U.S.C. § 1446(a), a copy of the state court record as it existed as of March 17, 2015, is attached as Tabs A-DD. No other process, pleadings, or orders have been served upon Mr. Benson or appear in the record.

41. Pursuant to 28 U.S.C. § 1446(d), Mr. Benson will provide written notice of the filing of this Notice of Removal to all adverse parties. In addition, a copy of this removal petition is being filed with the clerk of the court in which the state action was filed.

42. For the reasons stated above, Mr. Benson respectfully requests that this Court take jurisdiction of this action to its conclusion and final judgment to the exclusion of any further proceedings in the state action.

March 18, 2015

Respectfully submitted,

**BECK | REDDEN LLP**

By: /s/ David J. Beck

David J. Beck
State Bar No. 00000070
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

**ATTORNEY-IN-CHARGE FOR THOMAS MILTON BENSON, JR., in his individual capacity, and TRUSTEE THOMAS MILTON BENSON, JR. as Trustee of the SHIRLEY L. BENSON TESTAMENTARY TRUST**

OF COUNSEL:

Troy Ford
State Bar No. 24032181
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

558242-v7/1884-00001

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing document was served in compliance with the Texas Rules of Civil Procedure on March 18, 2015, by serving the following via electronic mail:

Bennett L. Stahl
**CURL STAHL GEIS**
**A PROFESSIONAL CORPORATION**
One Riverwalk Place
700 North St. Mary's Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 226-2182
Telecopier: (210)226 1691
blstahl@csg-law.com

Emily Harrison Liljenwall
**SCHOENBAUM, CURPHY & SCANLAN, P.C.**
112 E. Pecan, Suite 3000
San Antonio, Texas 78205
Telephone: (210) 224-4491
Telecopier: (210) 224-7983
eliljenwall@scs-law.com

Harriet O'Neill
**LAW OFFICE OF HARRIET O'NEILL, P.C.**
919 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 944-2222
Telecopier: (512) 476-6441
honeill@harrietoneilllaw.com

Douglas Alexander
**ALEXANDER, DUBOSE, JEFFERSON &**
**TOWNSEND LLP**
515 Congress Ave., Suite 2350
Austin, Texas 78701
Telephone: (512) 944-2222
Telecopier: (512) 476-6441
dalexander@adjtlaw.com

**ATTORNEYS FOR PETITIONER**
**RENEE BENSON**

Co-Receiver Phil Hardberger,
c/o C. David Kinder, Mark J. Barrera, and
Ellen B. Mitchell
**Cox Smith Matthews Incorporated**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone:  (210) 554-5500
Telecopier:  (210) 226-8395
phardberger@coxsmith.com
dkinder@coxsmith.com
mbarrera@coxsmith.com
emitchell@coxsmith.com

Co-Receiver Arthur H. Bayern,
c/o Joyce W. Moore
**LANGLEY & BANACK, INC.**
745 East Mulberry Avenue, Suite 900
San Antonio, Texas 78212
Telephone:  (210) 736-6600
Telecopier:  (210) 735-6889
abayern@langleybanack.com
jwmoore@langleybanack.com

Kevin P. Kennedy
1920 Nacogdoches Road, Suite 100
San Antonio, Texas 78209
Telephone:     (210) 824-0771
Telecopier:    (210) -824-2731

**ATTORNEY FOR  ROBERT A. ROSENTHAL
in his capacity as TRUSTEE OF THE RENEE
BENSON 2009 IRREVOCABLE TRUST, THE
RITA      BENSON      LEBLANC      2009
IRREVOCABLE     TRUST,    THE    RYAN
LEBLANC  2009  IRREVOCABLE  TRUST,
THE RENEE BENSON 2012 IRREVOCABLE
TRUST, THE RITA BENCON LEBLANC 2012
IRREVOCABLE     TRUST,    THE    RYAN
LEBLANC  2012  IRREVOCABLE  TRUST,
THE    TOM    BENSON    2012    GRANTOR
RETINED ANNUITY TRUST, AND THE TOM
BENSON    2014    GRANTOR    RETAINED
ANNUITY TRUST**

Robert A. ("Bobby") Rosenthal
brosenthal@rpsalaw.com
**ROSENTHAL PAUERSTEIN SANDOLOSKI
AGATHER LLP**
755 East Mulberry, Suite 200
San Antonio, Texas 78212
Telephone:     (210) 244-8860
Telecopier:    (210) 244-8960

*/s/ David J. Beck*
**DAVID J. BECK**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RENEE BENSON | § | |
| | § | |
| V. | § | C.A. No. _____ |
| | § | |
| THOMAS MILTON BENSON, JR. | § | |
| As Trustee of the | § | |
| SHIRLEY L. BENSON | § | |
| TESTAMENTARY TRUST | § | |

## INDEX OF MATTERS BEING FILED

### TRIAL COUT RECORD

I.    **Trial Court Documents (as filed with the San Antonio Court of Appeals)**

   A.    State court docket sheet;

   B.    Clerk's Record, Trial Court Case No. 155,572-A in Probate Court No. 2 of Bexar County, Texas;

   C.    Supplemental Clerk's Record, Trial Court Case No. 155,572-A in Probate Court No. 2 of Bexar County, Texas;

   D.    Second Supplemental Clerk's Record, Trial Court Case No. 155,572-A in Probate Court No. 2 of Bexar County, Texas;

   E.    Reporter's Record – Transcript of February 4, 2015 Temporary Injunction Hearing;

   F.    Reporter's Record – Transcript of February 5, 2015 Temporary Injunction Hearing;

   G.    Reporter's Record – Transcript of February 9, 2015 Temporary Injunction Hearing;

   H.    Reporter's Record – Exhibit List from Temporary Injunction Hearing;

   I.    Reporter's Record – Exhibits from Temporary Injunction Hearing;

II.    **Trial Court Documents (filed after appeal)**

   J.    Letter from Co-Receivers to Judge Rickhoff regarding transfer of Trust assets;

   K.    Co-Receivers' Plea in Intervention;

   L.    Letter from Judge Rickhoff responding to Co-Receivers' Plea in Intervention;

558242-v7/1884-00001

M.     Motion for Authority to Pay Note;

N.     Motion for Authority to Pay Accountant;

O.     Response of Thomas Milton Benson, Jr., as Trustee, to Motion for Authority to Pay Note;

P.     Proposed Order Granting Motion for Authority to Pay Note;

Q.     Certificate of Service of Notice of Removal;

R.     Notice of Filing Notice of Removal.

S.     Index of matters being filed;

T.     List of all counsel of record;

## APPELLATE COURT RECORD

### I.    Motions, Orders, and Briefs

U.     Emergency Motion to Expedite Appeal

V.     Order Denying Appellant's Motion to Expedite Appeal;

W.     Appellant's Brief;

### II.    Additional Correspondence

X.     Correspondence from Court - Appeal docketed;

Y.     Appellant's Docketing Statement;

Z.     Clerk's Record filed;

AA.    L. Crain letter to Court;

BB.    Reporter's Record filed;

CC.    Supplemental Clerk's Record filed;

DD.    Second Supplemental Clerk's Record filed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RENEE BENSON | § | |
| | § | |
| V. | § | C.A. No. _____ |
| | § | |
| THOMAS MILTON BENSON, JR. | § | |
| As Trustee of the | § | |
| SHIRLEY L. BENSON | § | |
| TESTAMENTARY TRUST | § | |

## LIST OF ALL COUNSEL OF RECORD

Bennett L. Stahl
**CURL STAHL GEIS**
**A PROFESSIONAL CORPORATION**
One Riverwalk Place
700 North St. Mary's Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 226-2182
Telecopier: (210)226 1691
blstahl@csg-law.com

David J. Beck
**BECK | REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone:    (713) 951-3700
Telecopier:    (713) 951-3720

**ATTORNEY-IN-CHARGE FOR**
**THOMAS MILTON BENSON, JR., in**
**his individual capacity, and**
**TRUSTEE THOMAS MILTON**
**BENSON, JR.**
**as Trustee of the**
**SHIRLEY L. BENSON**
**TESTAMENTARY TRUST**

Emily Harrison Liljenwall
**SCHOENBAUM, CURPHY & SCANLAN, P.C.**
112 E. Pecan, Suite 3000
San Antonio, Texas 78205
Telephone: (210) 224-4491
Telecopier: (210) 224-7983
eliljenwall@scs-law.com

Harriet O'Neill
**LAW OFFICE OF HARRIET O'NEILL, P.C.**
919 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:  (512) 944-2222
Telecopier:  (512) 476-6441
honeill@harrietoneilllaw.com

Douglas Alexander
**ALEXANDER, DUBOSE, JEFFERSON &**
**TOWNSEND LLP**
515 Congress Ave., Suite 2350
Austin, Texas 78701
Telephone: (512) 944-2222
Telecopier: (512) 476-6441
dalexander@adjtlaw.com

**ATTORNEYS FOR PETITIONER**
**RENEE BENSON**

Co-Receiver Phil Hardberger,
c/o C. David Kinder, Mark J. Barrera, and Ellen B.
Mitchell
**Cox Smith Matthews Incorporated**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Telecopier: (210) 226-8395
phardberger@coxsmith.com
dkinder@coxsmith.com
mbarrera@coxsmith.com
emitchell@coxsmith.com

Co-Receiver Arthur H. Bayern,
c/o Joyce W. Moore
**LANGLEY & BANACK, INC.**
745 East Mulberry Avenue, Suite 900
San Antonio, Texas 78212
Telephone: (210) 736-6600
Telecopier: (210) 735-6889
abayern@langleybanack.com
jwmoore@langleybanack.com

Kevin P. Kennedy
1920 Nacogdoches Road, Suite 100
San Antonio, Texas 78209
Telephone:    (210) 824-0771
Telecopier:    (210) -824-2731

**ATTORNEY FOR ROBERT A.**
**ROSENTHAL in his capacity as**
**TRUSTEE OF THE RENEE BENSON**
**2009 IRREVOCABLE TRUST, THE**
**RITA BENSON LEBLANC 2009**
**IRREVOCABLE TRUST, THE RYAN**
**LEBLANC 2009 IRREVOCABLE**
**TRUST, THE RENEE BENSON 2012**
**IRREVOCABLE TRUST, THE RITA**
**BENCON LEBLANC 2012**
**IRREVOCABLE TRUST, THE RYAN**
**LEBLANC 2012 IRREVOCABLE**
**TRUST, THE TOM BENSON 2012**
**GRANTOR RETINED ANNUITY**
**TRUST, AND THE TOM BENSON**
**2014 GRANTOR RETAINED**
**ANNUITY TRUST**

Robert A. ("Bobby") Rosenthal
brosenthal@rpsalaw.com
**ROSENTHAL PAUERSTEIN**
**SANDOLOSKI AGATHER LLP**
755 East Mulberry, Suite 200
San Antonio, Texas 78212
Telephone:    (210) 244-8860
Telecopier:    (210) 244-8960

558242-v7/1884-00001                    18