NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1015
_____

UNITED STATES OF AMERICA

v.

ANGEL RODRIGUEZ, a/k/a SPANKY,
                                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-89-cr-00455-005)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 20, 2023

Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: May 30, 2023)
_____

OPINION[*]
_____

PER CURIAM

    Angel Rodriguez appeals from an order of the District Court responding to his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

inquiries about his federal and state sentences. We will dismiss this appeal to the extent that it seeks an advisory opinion and will otherwise affirm.

I.

In 1990, the District Court sentenced Rodriguez to 120 months in prison after he pleaded guilty to conspiring to distribute cocaine. In 1998, following reinstatement of a 1990 conviction of first-degree murder, the Pennsylvania Court of Common Pleas for Philadelphia County sentenced him to life imprisonment without parole. Rodriguez apparently has not served any portion of his federal sentence in federal custody but is subject to a federal detainer on which he may be taken into federal custody if he is released from state custody.

Beginning in 2020, Rodriguez sent five letters to the District Court asking whether his federal sentence is concurrent with his state sentence. At times he asserted his belief that his sentences were concurrent, but at other times he asserted that he did not know whether they were concurrent and he sought advice or documentation on that point. Rodriguez also attached to two of his letters a memorandum from the Federal Bureau of Prisons denying his request to run his federal sentence concurrent with his state sentence. But Rodriguez did not seek review of that decision or otherwise ask the District Court to rule that his federal sentence was concurrent. Instead, he merely requested information about his federal sentence, and he claimed only that he needed that information in order to apply for commutation of his state sentence.

The District Court responded to Rodriguez's inquiries by order entered December 6, 2022. The Court advised him that his federal and state sentences are silent about

2

whether they are concurrent or consecutive. The Court further advised him that the BOP will determine how his federal sentence will run, and it directed him to address any further inquiries about his sentence to the BOP. Rodriguez appeals from that order.

II.

We address three issues. First, in his notice of appeal, Rodriguez argues that the District Court's advice was wrong because only the Court, and not the BOP, has the authority to decide whether his federal sentence is concurrent with his state sentence. But Rodriguez did not request any relief on that issue in the District Court and the Court did not grant or deny any such relief. Thus, in asking us to correct the Court's purportedly wrong advice, Rodriguez asks us to render an advisory opinion rather than resolve any actual controversy. See Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 217 n.3 (3d Cir. 2003) (declining to render an advisory opinion on an issue "[i]n the absence of a motion" for relief). We lack jurisdiction to render advisory opinions, and we will dismiss this appeal to the extent Rodriguez seeks one. See Rhone-Poulenc Surfactants & Specialties, L.P. v. Comm'r, 249 F.3d 175, 182-83 (3d Cir. 2001).

Second, in some of Rodriguez's letters, he asked the District Court to provide him or the BOP with a copy of his federal sentencing transcript. In response, the Court's Clerk twice advised him how to obtain records from the National Archives, and the Court directed him to address future sentencing inquiries to the BOP. To the extent that Rodriguez can be understood to claim that the Court should have done more, we will affirm because courts generally are not required to provide legal assistance to pro se litigants. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-47 (3d Cir. 2013).

3

Third, in his notice of appeal, Rodriguez asks that his federal sentence be ordered to run concurrently with his state sentence. But Rodriguez did not request that relief in the District Court. We generally do not consider requests made for the first time on appeal, see C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir. 2010), and we will not do so here. Nor do we construe Rodriguez's notice of appeal as a petition for any relief within our original jurisdiction. Rodriguez can request the relief he now seeks by filing an appropriate petition with the District Court.[1] We express no opinion on whether relief might be available or warranted.

### III.

For these reasons, we will dismiss this appeal in part and will otherwise affirm. Rodriguez's motion for appointment of counsel is denied.[2]

---

[1] We note that, because Rodriguez's federal sentence was silent on whether it was concurrent with or consecutive to his subsequent state sentence, an order that the federal sentence is concurrent would be a modification of that sentence. District courts lack the authority to modify sentences once imposed except in situations that do not appear to be presented here. See United States v. Washington, 549 F.3d 905, 915-17 (3d Cir. 2008) (addressing 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35). Thus, as the District Court advised Rodriguez, the relief he seeks would appear to be within the purview of the BOP. It appears that Rodriguez already has asked the BOP to treat his federal sentence as concurrent with his state sentence and that the BOP has denied his request. If Rodriguez wishes to seek further review of that issue, then he should exhaust whatever remaining administrative remedies he has with the BOP and then file a habeas petition under 28 U.S.C. § 2241 with the District Court. See Setser v. United States, 566 U.S. 231, 244 (2012); Barden v. Keohane, 921 F.2d 476, 478-84 (3d Cir. 1990).

[2] The Clerk notified the parties that this appeal is subject to dismissal because Rodriguez filed his notice of appeal after the 14-day deadline to appeal under Fed. R. App. P. 4(b)(1)(A). We need not address that issue because the Rule 4(b) deadline is not jurisdictional and the Government has not sought dismissal. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).